IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

|  |  |
|---|---|
| SHAILENEA STRONG; STEPHEN STRONG; *and* DAMIAN HORD, | Case No. 6:26-CV-00606-MC |
| Plaintiffs, | ORDER |
| vs. | |
| TRACY STAFFORD; JEFF STAFFORD; *and* DOES 1–10, | |
| Defendants. | |

MCSHANE, Judge:

Plaintiffs Shailenea Strong, Stephen Strong, and Damian Hord bring several claims against Defendants stemming from an allegation that Defendants are unlawfully attempting to remove Plaintiffs from their residence and separate them from their personal property. Plaintiffs also request a Temporary Restraining Order preventing any removal or separation. Only Plaintiff Shailenea Strong seeks leave to proceed *in forma pauperis* ("IFP") in this action.[1] Resultantly, at this time, this Court considers Shailenea Strong as the only plaintiff for the purposes of this Order. Plaintiff Shailenea Strong's request to proceed *in forma pauperis*, ECF No. 2, is GRANTED. The Complaint, ECF No. 1, is dismissed with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B).

///

---

[1] See ECF No. 2. To proceed with this civil action, Plaintiffs Stephen Strong and Damian Hord must either (1) individually pay filing fees or (2) individually submit completed, signed IFP applications labeled with the abovementioned docket number. See 28 U.S.C. § 1915. Plaintiffs Stephen Strong and Damian Hord have thirty (30) days from the date of this Order to comply with these instructions or they will be dismissed as parties.

1 – OPINION AND ORDER

## SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff Shailenea Strong resides at a property located in Lane County, Oregon. Compl. 2, ECF No. 1. Defendant Tracy Stafford "claims ownership" of the property "through disputed proceedings[.]" *Id*. This Court understands the Complaint to allege that Defendants initiated eviction proceedings against Plaintiff. *Id*. Defendants have "engaged in a patter of unlawful self-help eviction tactics[.]" *Id*. These tactics include "threats … interference with utilities … harassment and intimidation[.] *Id*. 2–3. At some point, "[l]aw enforcement was contacted regarding the incident." *Id*. at 3. And Defendants have "attempted to use state judicial processes in a manner inconsistent with due process protections." *Id*. Plaintiff does not allege that any Defendant is a state actor.

## LEGAL STANDARD

This Court has discretion whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate that the litigant is unable to pay court fees. 28 U.S.C. § 1915(a)(1); *O'Loughlin*, 920 F.2d at 617. A Court must also assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

When screening a complaint for failure to state a claim according to § 1915(e)(2)(B), the Court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

2 – OPINION AND ORDER

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully;" factual allegations must rise "above the speculative level." *Id.* (internal citation omitted); *Bell*, 550 U.S. at 545. The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Ashcroft*, 556 U.S. at 678.

Unless it is "absolutely clear" that leave to amend is futile, a pro se litigant must be given notice of the complaint's deficiencies and an opportunity to cure the deficiencies prior to dismissal of the action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

**DISCUSSION**

Plaintiff brings four claims: (1) a Fourteenth Amendment violation under 42 U.S.C. § 1983; (2) Unlawful Deprivation of Property; (3) Civil Conspiracy; and (4) Intentional Infliction of Emotional Distress.[2] Plaintiff also brings an ex parte Motion for Temporary Restraining Order. Because Plaintiff fails to plead sufficient factual allegations in her Complaint, her claims against Defendants are dismissed in their entirety.

## I.    Fourteenth Amendment Violations Under § 1983

Plaintiff raises three § 1983 claims against Defendants for violating her Fourteenth Amendment right to procedural due process. Compl. 3–4. Based on Plaintiff's allegations, this Court understands all Defendants to be private individuals as opposed to government actors. Nevertheless, Plaintiff alleges that Defendants acted "under color of state law by invoking state eviction processes and enforcement mechanisms" that deprived her of "Notice reasonably calculated to apprise them of proceedings;" "Opportunity to be heard;" and "Fair judicial process."

---

[2] This Court understands the Complaint as bringing the first three claims of constitutional violations under 42 U.S.C. § 1983.

*Id*. at 3.

To state a § 1983 claim, Plaintiff must allege facts establishing that defendants acting under the color of state law deprived her of rights secured by the Constitution or federal statutes. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). A person acts under color of state law when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941).

Generally, private individuals do not act under color of state law. *Price v. Hawaii*, 939 F.3d 702, 708 (9th Cir. 1991). However, private individuals may act under color of state law where there is "significant state involvement in the action." *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983). The Supreme Court has outlined four tests for determining when a non-governmental person acts under color of state law for purposes of liability under § 1983: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the close nexus test. *Tsa v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012). Here, Plaintiff appears to raise a joint action theory. Under the joint action test, a private party acts under color of state law if "he is a willful participant in joint action with the state or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Plaintiff offers no factual allegations that support a joint state action theory. Plaintiff simply alleges that Defendants—private individuals—initiated eviction proceedings in state court. Compl. 3. Plaintiff further alleges that law enforcement "was contacted" regarding an assault incident, though Plaintiff offers no factual allegations that the police officers took any action at all. *Id*. Plaintiff does not present sufficient factual allegations to demonstrate the state had "so far insulated itself into a position of interdependence" with any of the private defendants "that it must be recognized as a joint participant in the challenged activity." *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 507 (9th Cir. 1989) (alteration in original) (quoting

4 – OPINION AND ORDER

*Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)). The mere fact that the defendants here availed themselves of an available state court process does not make them a joint participant with a government entity.

At this stage, Plaintiff has not adequately alleged facts to sustain her § 1983 claims against Defendants. Plaintiff's first three claims are subject to dismissal.

## II.    Plaintiff's Remaining State Law Claim

Plaintiff also brings a claim of intentional infliction of emotional distress under Oregon law against all Defendants. Compl. 4. This claim is similarly subject to dismissal.

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction over state law claims, the Court considers values of "[j]udicial economy, convenience, fairness, and comity." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). A state court is likely a fair and convenient venue for Plaintiff to litigate this claim. Moreover, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id*. Because the only claims against Defendants over which this Court could have original jurisdiction are subject to dismissal, this Court declines to exercise supplemental jurisdiction over this state law claim.

## III.    Plaintiff's Motion for Temporary Restraining Order

Finally, Plaintiff filed an ex parte application for a Temporary Restraining Order along with her Complaint. See ECF No. 1. The standards for issuing a temporary restraining order are like those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp 1320, 1323 (N.D. Ca. 1995). A party seeking a preliminary injunction "must

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 21 (2008).

Because Plaintiff's claims are subject to dismissal, the Complaint fails to establish a likelihood of success on the merits at this time. *See Moshogiannis v. Almaden Family Housing*, 2025 WL 2532667 (N.D. Ca. Sept. 3, 2025) (denying a *pro se* temporary restraining order application because plaintiff failed to state a claim). Plaintiff's Motion for Temporary Restraining Order is DENIED.

## **CONCLUSION**

Plaintiff Shailenea Strong's petition to proceed *in forma pauperis* (ECF No. 2) is GRANTED. Plaintiff's Motion for Temporary Restraining Order (ECF No. 1) is DENIED. Upon screening the Complaint, Plaintiff's Complaint appears subject to dismissal. Because Plaintiff is self-represented and the pleadings have not previously been dismissed in this case, dismissal is with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint correcting the deficiencies identified in this Order. Failure to file an amended complaint within the 30 days will result in dismissal of the case.

IT IS SO ORDERED.

DATED this 14th day of April, 2026.

        /s/ Michael McShane       
        Michael McShane
        United States District Judge

6 – OPINION AND ORDER